## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD A. DAVIS | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-15-1155 |
| | * | |
| BSI FINANCIAL SERVICES, INC., ET AL. | * | |
| | ****** | |

## MEMORANDUM

Plaintiff has instituted this action against BSI Financial Services, Inc. and Mortgage Electronic Registration Systems.  Defendants have filed motions to dismiss.  The motions will be granted.[1]

Plaintiff does not allege he is not in default on the loan in question.  Rather, he asserts that BSI cannot foreclose upon the property that constituted the security for the note that he gave because (1) the note was separated from the deed of trust, rendering both documents unenforceable, and (2) alleged irregularities in various signatures written during the assignment process.  As to the first contention, it is immaterial that there was an alleged separation of the note and deed of trust.  Under Maryland law "the note can be transferred freely, and, when transferred, carries with it the security . . . of the deed of trust." *Le Brun v. Prosise*, 197 Md. 466, 474, 79 A.2d 543, 548 (1951).  As to the second contention, plaintiff does not allege sufficient facts to support his conclusory averment that the signatures were forged or "robosigned."  In any event, a false signature in the assignment of the deed of trust would not prevent foreclosure because the note was validly assigned.

A separate order dismissing this action is being entered herewith.

---

[1] Plaintiff has also filed a motion to amend pleadings.  The motion does not in any way cure the defects in the initial complaint which it incorporates by reference.  The motion will be denied.

Date:   9/11/15

_____

J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 AUG 21  PM 3: 30

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY